**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| John Harris | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-CV-390 |
| | ) | |
| vs. | ) | |
| | ) | |
| Hamilton County Deputy | ) | |
| Sheriff Chris Adams, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum and Order

This matter is before the Court to consider the Defendants' Motion for Judgment on the

Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 11). For the reasons set

forth below, the Motion is not well-taken and is DENIED.

Background

Plaintiff John Harris brings the instant lawsuit against Hamilton County Deputy Sheriff

Chris Adams, Hamilton County Sheriff Simon Leis, and the Hamilton County Commissioners.

As alleged in the complaint, Plaintiff's claims arise out of the following set of facts.

On June 8, 2002 Plaintiff John Harris was arrested for disorderly conduct and was

brought to the Hamilton County Justice Center at 3:37 a.m. Complaint ¶ 8. While Plaintiff was

being processed, Adams asked Plaintiff if he had said something to him (Adams). *Id.* ¶ 9, 11.

Plaintiff denied making any statements to Adams. *Id.* ¶ 12. The complaint alleges that Adams

then threatened to "kick Plaintiff's ass" and then screamed "Get up! Get up! Get up!" *Id.* ¶ 13, 14.  Adams then grabbed Plaintiff and ordered him to turn around and put his hands against the wall. *Id.* ¶ 16.

According to Plaintiff, several other guards watched as Adams pushed Plaintiff towards a cell and then shoved Plaintiff into the cell causing him to fall to his knees on the concrete floor. *Id.* ¶17,18.  Plaintiff repeatedly told Adams that his knee hurt and that he needed to see a nurse or a doctor.  *Id.* ¶ 22, 24.  The complaint alleges that Adams replied by saying "fuck you" to Plaintiff and left him in the locked cell.  *Id.* ¶ 25, 26.  Adams eventually had Plaintiff taken to be fingerprinted and photographed and once again allegedly refused Plaintiff medical attention.  *Id.* ¶ 31.  Plaintiff was released on bond at approximately 6:00 a.m. the same morning, and thereafter sought medical treatment for the injury allegedly caused by Adams.  *Id.* ¶ 32.

On June 7, 2004, Plaintiff filed a complaint against Hamilton County Deputy Sheriff Chris Adams, Hamilton County Sheriff Simon Leis, and the Hamilton County Commissioners. Plaintiff sues Sheriff Simon Leis and the County Commissioners in their official capacities only. Plaintiff sues Deputy Sheriff Chris Adams in both his individual and official capacities.  The complaint sets forth claims against the Defendants under 42 U.S.C. §1983 for deprivations of Plaintiff's Fourth and Fourteenth Amendments rights under color of law.  Count I of the complaint asserts claims against the Sheriff and the County Commissioners for the alleged custom of tolerating the use of excessive force by Sheriff's deputies while making arrests of suspects or attempting to subdue individuals suspected of criminal activities.  Count I also

2

alleges that it is the custom of the Sheriff to justify the conduct of his deputies by alleging, after

the fact, that they were acting in self-defense.  In addition, Count I alleges that the Sheriff and

the County Commissioners  have failed to properly discipline and train employees, as well as,

enforce rules regarding proper treatment of and use of force against inmates.  Count II of the

complaint alleges excessive use of force against Defendant Adams in his individual and official

capacities.  Count III of the complaint alleges violations of Plaintiff's rights to due process and

equal protection.  This Count is based on alleged racially motivated disregard for the safety of

inmates and especially African-American males.


On April 7, 2005, in a consolidated memorandum, Defendants filed a motion for

judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Doc.

No. 11).  In their motion, Defendants contend that Plaintiff's claims for relief contain no factual

allegations and fail to set forth anything more than conclusory allegations of constitutional

violations.  Defendants argue that dismissal is warranted because the complaint fails to state

claims upon which relief may be granted.  Defendant Adams also claims exemption from §1983

liability on the grounds of qualified immunity.  On May 5, 2005, Plaintiff filed a memorandum

in opposition to the motion on the pleadings. (Doc. No. 14).  On May 17, 2005, defendants filed

a consolidated reply memorandum. (Doc. No. 15).


The Motion for Judgment on the Pleadings has been fully briefed and is now ripe for

disposition.

Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12 (c) operates to test the

sufficiency of the complaint.  The standard applicable to motions on the pleadings under Rule

12 (c) is the same standard applicable to motions to dismiss under Rule 12 (b) (6). *Grindstaff v.*

*Green,* 133 F.3d 416, 421 (6th Cir. 1998).  A motion to dismiss under Rule 12 (b)(6) requires

the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the

complaint's factual allegations as true, and determine whether the plaintiff undoubtably can

prove  no set of facts in support of the claims that would entitle relief.  *Meador v. Cabinet for*

*Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990).  However, the Court need not accept

legal conclusions or unwarranted factual inferences as true.  *Morgan v. Church's Fried*

*Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).


In judging the sufficiency of the complaint the Court is bound to indulge all reasonable

inferences which might be drawn from the complaint.  In addition, as the Sixth Circuit noted in

*Lucarell v. McNair*, 453 F.2d 836 (6th Cir. 1972), "[a] case brought under the Civil Rights Act

should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff

would be entitled to no relief under any state of facts which could be proved in support of his

claim." *Id*. at 838.   Additionally, the U.S. Supreme Court clarified the pleading standard for

claims brought under §1983 in *Leatherman v. Tarrant County Narcotics Intelligence and*

*Coordination Unit*, 507 U.S. 163 (2001).  The Court held that a federal court may not apply a

heightened pleading standard in civil rights cases alleging municipal liability. *Id.* at 164.

Therefore, the Court is bound to analyze the Plaintiff's Complaint under the fair notice pleading standard, which requires only "a short and plain statement" of the claim and a demand for judgment. *See* Fed. R. Civ. P. 8(a).

Analysis

A.

Count I alleges that Defendants, the Hamilton County Sheriff and the County Commissioners, have a custom of tolerating the use of excessive force by their Sheriff's deputies while making arrests or attempting to subdue suspects and that Defendants have a custom of justifying such excessive force by alleging that deputies were acting in self-defense. Plaintiff claims he was deprived of rights secured by the Fourth and Fourteenth Amendments as a result of these customs.  The Sheriff and County Commissioners are sued in their official capacities, therefore the claims operate against the local government entity. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

A government entity may only be held liable for a constitutional deprivation under §1983 if the deprivation was the result of an official policy or custom.  *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).  However, a government entity cannot be held liable for a §1983 violation under a theory of respondeat superior. *Id.* at 691.  Proof of a single incident of unconstitutional conduct is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a policy maker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  A policy is a deliberate choice to follow a course of action made from

among various alternatives by the official(s) responsible for establishing formal policy with respect to the subject matter in question. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Defendants contend that Plaintiff provides no factual allegations to establish that they had a custom or policy of tolerating and justifying excessive force in making arrests. Defendants argue that the claims in Plaintiff's Complaint are premised upon mere conclusions and opinions and lack factual specifics.  Defendants claim that Plaintiff's Complaint fails to allege that the County pursues an official custom of failing to adequately train, supervise or discipline its officers.   In addition, Defendants argue that Plaintiff failed to make sufficient factual allegations that the custom was adopted by official makers of policy with "deliberate indifference" towards the constitutional rights of persons affected by the custom.   In response, Plaintiff contends that although Defendants' Motion acknowledges the proper notice pleading standard, it goes on to erroneously argue that he is required to plead the factual specifics of other uses of excessive force to overcome their motion to dismiss.  Rather, Plaintiff argues that he is not required to plead specific facts related to prior incidents to state a claim against Defendants.  In support of his pleading standard argument, Plaintiff relies on *Morena v. Metropolitan General Hospital,* No. 99-5205, 2000 WL 353537, at **3 (6th Cir. Mar. 28, 2000).

In *Morena*, the plaintiff was shot and killed by hospital security guards when he escaped from his room while being treated for seizures. *Id.* at **1.  The district court granted

6

defendants' motion to dismiss all of the §1983 claims with prejudice because the court ruled

that Plaintiff failed to satisfy the pleading standard by not sufficiently stating a claim. *Id.* at **2.

However, on appeal, the Sixth Circuit ruled that the district court erred when it reviewed the

complaint with the mistaken belief that the Plaintiff was required to allege more than just the

facts needed to support his own claim.  The Sixth Circuit held that the Plaintiff's complaint

which raised §1983 claims alleging that the municipal defendant failed to train its employees in

the proper use of force was sufficiently pled under the notice pleading standard. *Id.*  The Court

stated that the proper standard for such a claim was articulated in *City of Canton v. Harris*, 489

U.S. 378 (1989).  To establish a failure to train claim, a complaint must set forth sufficient facts

connecting the victim's injury with the municipal policy or custom.  It must also allege the

defendant's failure to train constituted deliberate indifference to the rights of the victim in

question. *Harris* 489 U.S. at 388.  The Plaintiff's pleadings satisfied these requirements.

Therefore, the Court of Appeals held that when the district court dismissed the Plaintiff's claim,

it reviewed the complaint using a higher pleading standard. *Morena,* 2000 WL 353537, at **3.

The Sixth Circuit reversed the district court's ruling on the grounds that to require more would

defeat the purpose of the notice pleading standard and would result in the application of a

higher pleading standard for §1983 complaints. *Id.*


Here, as in *Morena*, Plaintiff's complaint alleges sufficient facts to state a claim that

Adams used excessive force and caused Plaintiff's injury.  In addition, liability against the

County Defendants is premised upon allegations that by failing to train and supervise deputies

they encouraged the practice which led to Plaintiff's injury.  The Court finds that the complaint

7

alleges facts sufficient to state a claim that Plaintiff was injured as a result of Defendants'

official custom or policy.  To require more would result in a more stringent pleading standard,

which is not permitted for §1983 complaints.  Accordingly, Defendants' motion to dismiss

Count I of the complaint is not well-taken and is DENIED.

B.

Count II alleges that Adams, in his individual and official capacities, used excessive

force causing severe injury to Plaintiff's knee.  Plaintiff claims he was deprived of his rights

under the Fourth and Fourteenth Amendment to be free from excessive use of force and the

infliction of unnecessary pain.

Relying on *Ricketts v. Derello,* 574 F. Supp. 645 (E.D. Pa. 1983), Defendants argue that

Plaintiff's allegations do not amount to a violation of his constitutional rights.  In that non-

controlling case, the court ruled that plaintiff failed to sufficiently allege a violation of his

constitutional rights. *Id.* at 646-47.  There the court ruled that plaintiff's claim that the officer

"put his hands" on him was not enough to state a violation of his constitutional rights.  In

addition, plaintiff also alleged that the officer threatened him with violence.  The judge ruled

that absent other factors, §1983 does not furnish a remedy for such a claim. *Id.*  Defendant's

reliance on *Ricketts* is misplaced.

First, in determining whether a constitutional right is clearly established, the court must

first look to decisions of the U.S. Supreme Court, then to decisions of the Sixth Circuit, and,

finally, to decisions of other circuits. *Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th

8

Cir. 1993) (citing *Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir. 1991)).  Therefore, this

Court would not ordinarily rely on a district court decision from another district in determining

whether a plaintiff's constitutional rights were violated.  Second, the Court is not persuaded to

follow this opinion because the facts alleged are insufficiently apposite.  In this case, the

Plaintiff pled facts alleging specific force resulting in an injury.  In addition, Plaintiff was not

just threatened with violence, but rather force was allegedly actually used.  As explained below,

caselaw from the Supreme Court and Sixth Circuit holds that use of excessive force, as well as

denial of medical treatment to detainees, constitutes a constitutional violation.


     It is well-established that pretrial detainees are afforded the same protection under the

Fourteenth Amendment, to be free from excessive use of force that convicted prisoners are

entitled to under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  It is also

established that subjecting pretrial detainees to "the unnecessary and wanton infliction of pain,"

is a violation of their Fourteenth Amendment rights. *Whitley v. Albers*, 475 U.S. 312, 319

(1986).  Wantonness constitutes malicious and sadistic acts whose very purpose is to inflict

harm. *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).  Finally, the Court in *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976), held that deliberate indifference to serious medical needs of

prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth

Amendment.


     The facts alleged state a claim that Adams acted unreasonably under the circumstances

and wantonly and unnecessarily inflicted pain on Plaintiff in violation of his Fourth and

Fourteenth Amendment rights.  Plaintiff, a pretrial detainee, pleaded that he was denied his constitutional right to be free from excessive force when Adams, without provocation, shoved him, causing severe injury to his knee.  He also pleaded that he was deliberately denied medical attention for his injury.  Plaintiff satisfied the fair notice pleading standard by pleading facts sufficient to state a claim under that standard.  Accordingly, Defendants' motion to dismiss Count II of the complaint is not well-taken and is DENIED.

Defendants argue that even if there was a violation of Plaintiff's constitutional rights, Adams is shielded from liability by the defense of qualified immunity.  A public official is entitled to qualified immunity and thus protected from liability under §1983 for his actions if his conduct does not violate a clearly established statutory or constitutional right of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The official, however, is only entitled to qualified immunity for actions taken in objective good faith within the scope of his duties.  *Id.* at 849 fn.34.  The right in question must be established in a "particularized" sense so that "the contours of the right" are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  This standard requires more than the establishment of a generalized right. *Id.*  "For a constitutional right to be clearly established, 'the law must be clear in regard to the official's particular actions in the particular situation.'" *Walton,* 995 F.2d at 1335 (citing *Long v. Norris*, 929 F.2d 1111, 1114 (6th Cir. 1991)).

Once a defendant demonstrates that his conduct was within his discretionary authority,

the ultimate burden of proof rests on the plaintiff to show that a reasonable official in the

defendant's position would have clearly understood in light of existing case law that he was

under an affirmative duty to refrain from such conduct. *Rich v. City of Mayfield Heights*, 955

F.2d 1092, 1095 (6th Cir. 1992).  In other words, the official is entitled to immunity if he

reasonably could have believed his conduct was consistent with the rights allegedly violated.

*Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988).  The defense of qualified immunity

therefore protects "all but the plainly incompetent or those who knowingly violate the law."

*Malley v. Briggs*, 475 U.S. 335, 341 (1986).  In addition, the Supreme Court held that no

heightened pleading standards exist for civil rights plaintiffs in cases in which the defendant

raises the affirmative defense of qualified immunity.  *Crawford-El v. Britton*, 523 U.S. 574, 594-

95 (1998).  Therefore, plaintiff is only required to satisfy the fair notice pleading standard of

Fed. R. Civ. P. 8 (a). *see Goad v. Mitchell*, 297 F.3d 497, 503 (6th Cir. 2002).


The critical question is whether caselaw has put the officer on notice that his conduct is

clearly unlawful.  The Sixth Circuit recently held that officers were clearly on notice of the right

of a nonviolent arrestee to be free from unnecessary pain during an arrest. *St. John v. Hickey*,

–F.3d–, No. 04-3388, 2005 WL 1431400, at *10 (6th Cir. June 20, 2005).  In *St. John*, the Court

held it was clearly established as of November 2000, when the incident took place, that non-

violent arrestees have a right to be free from unnecessary infliction of pain.  It was also clearly

established that the officer's conduct need not rise to the level of an assault to support liability

for use of excessive force. *Id.*  Here, the facts alleged demonstrate not only wanton and

unnecessary conduct, but also conduct which could be classified as an assault.  Consequently, on

11

the facts alleged, Adams is not entitled to qualified immunity on Plaintiff's claim that Adams

violated his Fourth and Fourteenth Amendment rights by injuring him in an unprovoked attack.

Under the alleged circumstances, a reasonable officer would have known that his conduct with

regard to the detainee was unlawful. *See Whitley*, 475 U.S. at 319.

C.

      Count III alleges a violation of Plaintiff's Fourteenth Amendment due process and equal

protection rights.  Plaintiff pleads an equal protection violation against the Sheriff and the

County Commissioners for ignoring complaints of excessive force, especially against African-

American males.  Plaintiff, an African-American male, claims that Defendants' conduct

constitutes a denial of equal protection under the law.  Plaintiff contends that Defendants'

toleration of abusive treatment of detainees, particularly African-Americans, by deputies violates

his right to equal protection.  In addition, Plaintiff claims that the excessive force used by

Adams, in conjunction with Defendants' knowledge of the practice of tolerating excessive force,

constitutes a due process violation.  Plaintiff alleges that the policy of toleration and failure by

Defendants to investigate the alleged abuse resulted in Plaintiff's injury.  Such allegations meet

the fair notice pleading standard.  As stated in Part A, a complaint must set forth sufficient facts

connecting the victim's injury with the municipal policy or custom and must also allege the

defendant's failure to train constituted deliberate indifference to the rights of the victim, in order

to establish a failure to train claim. *Harris,* 489 U.S. at 388.  Count III satisfies this standard.

Accordingly, Defendants' motion to dismiss Count III of the complaint is not well-taken and is

DENIED

Conclusion

In summary, for the reasons stated, Defendant's motion on the pleadings is not well-taken and is DENIED.


IT IS SO ORDERED


Date   July 20, 2005                                        /s/
                                        Sandra S. Beckwith, Chief Judge
                                        United States District Court